UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JADRANKA SAMONA,

       Plaintiff,                  Case No. 2:15-cv-11713
                                        District Judge Mark A. Goldsmith
v.                                          Magistrate Judge Anthony P. Patti

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S
APPLICATION FOR ATTORNEYS' FEES UNDER THE EAJA (DE 30)**

**I.**     **RECOMMENDATION**: This matter is before me for consideration of Plaintiff's application for attorneys' fees under the Equal Access to Justice Act (EAJA) (DE 30), Defendant's response in opposition (DE 31), and Plaintiff's reply (DE 32). For the reasons that follow, I recommend that the Court **DENY** Plaintiff's application.

**II.**     **REPORT**

    **A.**     **Procedural Background**

Plaintiff filed her applications for disability insurance (DI) and supplemental security income (SSI) benefits during August 2012, alleging that she has been disabled since March 16, 2011. (R. at 146-154.) Plaintiff's applications were denied and she sought a *de novo* hearing before an Administrative Law Judge

("ALJ"). ALJ Richard Sasena held a hearing on February 19, 2014. (R. at 41-69.) He subsequently determined that Plaintiff was not disabled within the meaning of the Social Security Act. (R. at 23-40.) On February 6, 2015, the Appeals Council denied Plaintiff's request for review. (R. at 14-19.) ALJ Sasena's decision became the Commissioner's final decision.

Plaintiff then timely commenced the instant action in federal court. In her motion for summary judgment, she set forth two statements of error: (1) that the ALJ erred in his credibility assessment by not clearly explaining the bases on which he discounted her credibility, including the use of boilerplate language, and (2) that the ALJ erred in his weighing of the opinion evidence by failing to give good reasons for discounting the opinions of her treating physician, Dr. Dell. (DE 20; *see also* DE 23.) The Commissioner opposed Plaintiff's motion, asserting that she was entitled to a grant of summary judgment because substantial evidence supported the ALJ's conclusions. (DE 22.)

On June 24, 2016, I issued a Report and Recommendation to remand the case to the Commissioner and the ALJ under Sentence Four of § 405(g) for further consideration. (DE 24.) As to the first issue, I concluded that, while the ALJ did not err merely by using boilerplate language or mentioning Plaintiff's financial interest in the proceedings, the ALJ's reasons for discounting Plaintiff's credibility, as a whole, were not articulated in a manner that allowed the Court to trace the

path of his reasoning. In other words, the ALJ's credibility analysis failed to provide an accurate and logical bridge and did not allow for meaningful review by the Court. (DE 24 at 20-21.) As to the second issue, I stated:

> The ALJ discounted these opinions on the bases that they were not supported by Dr. Dell's treatment notes, nor by the other evidence of record, including Plaintiff's normal examinations and her gait at the hearing. While Defendant is correct that these are all proper bases on which to discount the opinion of a treating physician, the ALJ's analysis suffers from the same defect as mentioned above: there is no logical bridge between the evidence and the result. For example, the ALJ does not describe *which* of Dr. Dell's treatment notes are inconsistent with his opinion. Nor does he explain any inconsistency with the record. Instead, as Plaintiff correctly points out, Dr. Dell's opinion that she could never crouch is consistent with the opinion of the Consultative Examiner, Ernesto Bedia, M.D., who made the same finding. (R. at 718.) Again, substantial evidence may support the ALJ's decision to discount Dr. Dell's opinion, but there is nothing in the opinion to guide the Court to what that evidence may be.

(DE 24 at 25.) Ultimately, I recommended that the Court remand the matter to the Commissioner for further consideration and analysis of Plaintiff's credibility and to re-weigh the opinion evidence in a manner that makes clear the reasons for the weight given, especially as it pertains to Plaintiff's treating physician Dr. Dell. (DE 24 at 26.)

No objections were filed. On July 20, 2016, the Court entered an order: (1) accepting the recommendation contained in the report and recommendation dated June 24, 2016; (2) granting Plaintiff's motion for summary judgment (DE 20); (3) denying Defendant's motion for summary judgment (DE 22); and, (4) reversing

the decision of the Commissioner, and (5) remanding the matter to the Commissioner. (DE 25.)

### B. The Instant Motion

The Court has already ordered that Plaintiff is to be refunded costs in the amount of $400.00. (*See* DEs 27, 28, 29.) In the instant motion, Plaintiff seeks attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, in an amount of $6,172.48, consisting of 30.55 attorney hours at $184.50/hour in 2015 and 2016 ($5,636.48) and 5.36 paralegal hours at $100/hour ($536.00). (DE 30 at 10.) In support of this request, Plaintiff argues that Defendant's position was not "substantially justified," as evidenced by the report and recommendation's conclusions as to credibility and opinion evidence. (DE 30 ¶ 7.) In addition, Plaintiff argues that the ALJ's actions were unreasonable and the Commissioner's position defending the denial of benefits "was based on flawed reasoning and misapplication of the law." (DE 30 ¶ 9; *see also* DE 32.)

The Commissioner opposes Plaintiff's application and argues that her position was substantially justified for two reasons. First, she contends that the Court remanded for "insufficient articulation," not because of a "lack of substantial evidence." (DE 31 at 3-4.) Second, she contends that she "reasonably relied on facts and law for her litigation position." (DE 31 at 4-5.)

4

Plaintiff has filed a reply, and Judge Goldsmith has referred Plaintiff's application to me for entry of a report and recommendation. (DEs 32, 33.)

### C.     Standard of Review

"In separate provisions, the EAJA allows a prevailing party other than the United States to recover fees and expenses incurred 'in any civil action' brought by or against the United States, 28 U.S.C. § 2412(d)(1)(A), or in an 'adversary adjudication' conducted by an agency of the United States, 5 U.S.C. § 504." *Tri–State Steel Const. Co., Inc. v. Herman,* 164 F.3d 973, 977 (6th Cir.1999). Plaintiff filed the instant request pursuant to 28 U.S.C. § 2412, which provides, in pertinent part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection
>
> > (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d). Applying the foregoing authority, an award of fees requires that: 1) the plaintiff was the prevailing party; 2) the government's position was not substantially justified; and, 3) no special circumstances make an award of fees unjust.

5

A party is considered to have prevailed where it has been the victor in a lawsuit or has "vindicated important rights through a consent judgment." *Citizens Coal. for Block Grant Compliance, Inc. v. City of Euclid*, 717 F. 2d 964, 966 (6th Cir. 1983) (internal quotations omitted). The court will generally confer prevailing-party status on a plaintiff who has won a Sentence 4 remand. *Sec'y v. Schaefer*, 509 U.S. 292, 300 (1993). Here, neither party disputes Plaintiff's status as the prevailing party.

Instead, the parties dispute whether the Commissioner's position was "substantially justified." (DE 30 ¶¶ 7, 9; DE 31 at 1, 5.) "The Commissioner's position may be substantially justified even if a district court rejects it." *DeLong v. Commissioner of Soc. Sec.*, 748 F.3d 723, 725 (6th Cir. 2014) (citing *Couch v. Sec. of Health & Human Servs.*, 749 F.2d 359, 360 (6th Cir. 1984)). Stated otherwise, "the fact that the Commissioner's decision was found to be supported by less than substantial evidence 'does not mean that it was not substantially justified.'" *Hutchinson v. Comm'r of Soc. Sec.*, No. 12-CV-11337, 2014 WL 2050859, at *4 (E.D. Mich. May 17, 2014) (quoting *Bates v. Callahan*, 124 F.3d 196, 196 (6th Cir. 1997)).

### D. Analysis

#### 1. "Insufficient articulation" versus "lack of substantial evidence"

As the Commissioner points out, the Court's remand was based on *articulation* errors. (DE 31 at 3.) First, as to "inconsistencies in the evidence," I stated "[s]ubstantial evidence may support the ALJ's credibility analysis . . .[,]" yet, at the same time, I noted that the ALJ failed to adequately articulate his analysis. (DE 24 at 18-19.) Second, as to "normal gait," I stated it was "unclear" how the ALJ's observation of Plaintiff's gait at the hearing "makes [her] testimony less credible." (*Id.* at 19-20.) Third, my summation on credibility stated both that "the ALJ's reasons for discounting Plaintiff's credibility, as a whole, are not articulated in a manner that allows this Court to trace the path of his reasoning[,]" and that "the rest of the ALJ's credibility analysis fails to provide that accurate and logical bridge and does not allow for meaningful review by this Court." (*Id.* at 20-21.) Fourth, as to opinion evidence, I stated that: "the ALJ's analysis suffers from the same defect as mentioned above: there is no logical bridge between the evidence and the result[,]" and "substantial evidence may support the ALJ's decision to discount Dr. Dell's opinion, but there is nothing in the opinion to guide the Court to what that evidence may be." (*Id.* at 25.) As the Sixth Circuit has instructed, "an ALJ's failure to provide an adequate explanation for his findings does not establish that a denial of benefits lacked substantial justification." *DeLong*, 748 F.3d at 727.

Plaintiff contends that *DeLong* is distinguishable, pointing out that, in that case, the ALJ's failure to provide "good reasons" for the weight given to DeLong's treating physicians' opinions was "the (*sole*) reason that the District Court vacated the Commissioner's decision and remanded DeLong's case for further proceedings in the first place." *Id.* at 726 (emphasis added). (DE 32 at 3.) By comparison, Plaintiff contends that, in her case, the ALJ's erroneous credibility assessment was not *solely* based on "insufficient articulation." Rather, Plaintiff contends that the ALJ and Commissioner "failed to follow this circuit's . . . well established case law." (DE 32 at 4.)

In essence, Plaintiff is challenging the Commissioner's statement that "this Court remanded due to articulation errors *alone* . . . ." (DE 31 at 5 (emphasis added).) True, as Plaintiff points out, my recommendation included remand "for further consideration and analysis of Plaintiff's credibility . . . ." (DE 24 at 26, DE 32 at 3.) Also, Plaintiff specifically noted my citation to *Meece v. Barnhart*, 192 F.App'x 456, 465 (6th Cir. 2006) and statement that:

> There is nothing about Plaintiff's ability to walk normally into and out of a hearing that makes [her] allegation [about disabling knee pain that causes her leg to lock up or collapse at times] any less credible, and while the ALJ's lay observations are permissible, they should not be elevated to the level of medical opinion.

(DE 24 at 20, DE 32 at 3-4.) However, this same paragraph also states, "it is *unclear* how this observation [of Plaintiff's gait at the hearing] makes Plaintiff's

8

testimony less credible." (DE 24 at 20 (emphasis added).) Thus, the character of this Court's decision remains based on "articulation errors."

### 2. Facts and law for litigation position

The Commissioner bears the burden of establishing that her position was substantially justified. *DeLong*, 748 F.3d at 725-726 (citing *Scarborough v. Principi*, 541 U.S. 401, 414-415 (2004)); *see also Noble v. Barnhart,* 230 F. App'x 517, 519 (6th Cir.2007) ("[T]he position of the government will be deemed to be substantially justified if there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action."). The Government discharges its burden "by demonstrating that the position had a 'reasonable basis both in law and fact[.]'" *DeLong*, 748 F.3d at 726 (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

The Commissioner contends her positions "had a reasonable basis in fact and law." (DE 31 at 4-5.) Here, too, Plaintiff contends *DeLong* is distinguishable. (DE 32 at 4.) In *DeLong*, the Sixth Circuit observed that the district court "narrowly" remanded, "expressly observing that '[t]he record did *not* strongly establish [DeLong's] entitlement to benefits.' (Emphasis added.)" *DeLong*, 748 F.3d at 726. By comparison, and with reference to my report and recommendation's summary of Plaintiff's medical history, Plaintiff contends that

"the Court here makes no indication that the record did not strongly establish Plaintiff's entitlement to benefits." (DE 32 at 4-5, DE 24 at 3-4.)

However, even if the Court's recommendation did not so indicate, the Commissioner points out that her earlier cross-motion for summary judgment referred to, among other things:

    **(a)**    The ALJ's reliance upon CE Dr. Bedia's March 7, 2014 notes, which reflected that Plaintiff was "ambulatory with a stable gait." (DE 22 at 11, R. at 33, 710 [Ex. 13F].)

    **(b)**    The ALJ's notation that Plaintiff "walked in and out of the hearing room with a normal gait." (DE 22 at 11, R. at 32)

    **(c)**    The ALJ's statement that the March 24, 2011 MRI (of the right knee) showed "severe chrondromalacia as well as other mild degenerative findings[.]" (DE 22 at 14, R. at 32-33, 471-472 [Ex. 6F]; *see also* DE 22 at 5-6);

    **(d)**    The ALJ's finding that the limitations described in Dr. Dell's physical RFC assessments (Exs. 11F & 12F [R. at 700-707]) were not supported by his treatment notes (Ex. 6F [R. at 433-499]), nor were they supported by the other evidence of record. (DE 22 at 16, R. at 33.)[1]

(DE 31 at 4-5.)[2] As such, the Commissioner has shown that her position had a reasonable basis in fact. Plaintiff's reference to my summary of his medical

---

[1] In both her motion for summary judgment and her response to Plaintiff's application, the Commissioner points to: **(a)** January 12, 2012 records from L. Dell, M.D. (R. at 437); and **(b)** 2013 records from Lakes Medical Center (R. at 697-698). (*See* DE 31 at 4, DE 22 at 16.)

[2] The ALJ particularly noted, "the normal exams and gait as noted above and the observation of the claimant at the hearing." (R. at 33.) Perhaps this was

10

history – an introductory portion of my recommendation – does not successfully attack the Commissioner's showing.

Moreover, with reference to *Meece*, Plaintiff contends that the ALJ and the Commissioner "failed to follow this circuit's . . . well established case law[,]" and that the Commissioner "ignored longstanding case law . . . ." (DE 32 at 4, 5.) In *Meece*, the Sixth Circuit stated:

> While the ALJ discounted the extent of Plaintiff's headache pain due to the fact that Plaintiff's doctors failed to prescribe Fiorinal, Imitrex, or Zomig, the ALJ may not *substitute* his own medical judgment for that of the treating physician where the opinion of the treating physician is supported by the medical evidence. . . . While the ALJ may have prescribed different pain medication than that prescribed by Plaintiff's doctors, this decision is beyond the expertise of the ALJ and is not a legitimate basis for an adverse credibility determination.

*Meece*, 192 F. App'x at 465 (emphasis added). To be sure, Plaintiff cited *Meece* in her motion for summary judgment (DE 20 at 14), and Defendant attempted to distinguish it (DE 22 at 13 n.3), after which I cited it in support of my statement that "[t]here is nothing about Plaintiff's ability to walk normally into and out of a hearing that makes this allegation any less credible, and while the ALJ's lay observations are permissible, they should not be elevated to the level of medical opinion." (DE 24 at 20.)

---

a reference to the normal portion of Plaintiff's June 20, 2011 musculoskeletal examination, to which the ALJ had earlier referred. (*See* R. at 33, 415-422 [Ex. 4F].)

Here, I disagree with Plaintiff that the Commissioner "did not have a reasonable basis in . . . law." (*See* DE 32 at 5.) First, as Defendant points out, her motion noted that "an ALJ's credibility determinations about the claimant are to be given great weight," *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007), and cited to the treatment relationship factor, 20 C.F.R. §§ 404.1527(c)(2),416.927(c)(2). (DE 31 at 4-5, DE 22 at 11, 16.) Second, Defendant's February 24, 2016 argument that *Meece* does not apply to Plaintiff's case explained: "In *Meece* the ALJ mistakenly speculated that the claimant could have taken more powerful headache medicines. The court found this speculation improper. But in the present case the ALJ merely noted Plaintiff walked normally, despite claiming disabling knee pain." (DE 22 at 13 n.3 (internal citations omitted).) That this Court relied upon *Meece* in its recommendation to remand, does not, alone, make the Commissioner's attempt to distinguish it *unreasonable*. Plaintiff characterizes my recommendation as having found that "the ALJ failed to follow *Meece* . . . ." (DE 32 at 4, 5; DE 24 at 20.) This is an over-statement; however, even if that were true, Defendant should not be penalized for her reasonable attempt to argue the case in her favor or to distinguish it.

### 3. Conclusion

The Commissioner has met her burden of establishing that her position was substantially justified, and Plaintiff's arguments in reply are unconvincing. Albeit

in an unpublished case, the Sixth Circuit has instructed: "The issue, when considering an award of attorney's fees to a prevailing party under the EAJA, is not whether the ALJ gave adequate articulation for his [or her] findings, but whether the Commissioner was justified in supporting the ALJ's decision to deny benefits based on the record." *Anderson v. Comm'r of Soc. Sec.*, No. 98-6284, 1999 WL 1045072, at *4 (6th Cir. Nov. 12, 1999). In *Anderson*, the Sixth Circuit concluded that the Commissioner's position was substantially justified where the District Court remanded "for further consideration because of an articulation error . . . [,]" but did not find that "the Commissioner's position was necessarily wrong on the merits." *Id.* at *6.

Here, the Court remanded for "further consideration and analysis of Plaintiff's credibility and to re-weigh the opinion evidence *in a manner that makes clear* the reasons for the weight given, especially as it pertains to Plaintiff's treating physician Dr. Dell." (DE 24 at 26 (emphasis added).) Much like the *Anderson* case, the Court here determined that the ALJ's opinion was not explicit enough when discounting Plaintiff's credibility or Dr. Dell's opinion. (DE 24 at 20-21, 25-26). *See also Goff v. Astrue*, No. 08-141-ART, 2009 WL 648965, at *1 (E.D. Ky. Mar. 10, 2009) (concluding that the claimant was not entitled to an award of attorney's fees under the EAJA because the court "did not remand . . . because the ALJ was incorrect in his decision but rather on a technical point—the

13

ALJ needed to explain his reasoning in ordering a consultative exam."). Accordingly, even though the Court ultimately concluded that the Commissioner's position was wrong, there is no indication that it was not substantially justified. I therefore recommend that the Court **DENY** Plaintiff's application. (DE 30.)

### III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the

objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: September 19, 2017                s/Anthony P. Patti
                                         Anthony P. Patti
                                         UNITED STATES MAGISTRATE JUDGE

### Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on September 19, 2017, electronically and/or by U.S. Mail.

                                         s/Michael Williams
                                         Case Manager for the
                                         Honorable Anthony P. Patti