UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JADRANKA SAMONA,

      Plaintiff,                                      Case No. 15-cv-11713

vs.                                                          HON. MARK A. GOLDSMITH

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____/

**<u>ORDER</u>**
**<u>(1) ADOPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION DATED SEPTEMBER 19, 2017 (Dkt.
34), (2) DENYING PLAINTIFF'S PETITION FOR ATTORNEY FEES UNDER THE
EQUAL ACCESS TO JUSTICE ACT (Dkt. 30), AND (3) GRANTING PLAINTIFF'S
PETITION FOR ATTORNEY FEES PURSUANT TO THE SOCIAL SECURITY ACT
(Dkt. 35)</u>**

This matter is presently before the Court on the Report and Recommendation (R&R) of

Magistrate Judge Anthony Patti, issued on September 19, 2017 (Dkt. 34). In the R&R, the

Magistrate Judge recommends that the Court deny Plaintiff Jadranka Samona's petition for

attorney fees under the Equal Access to Justice Act ("EAJA") (Dkt. 30).

The parties have not filed objections to the R&R, and the time to do so has expired. <u>See</u>

Fed. R. Civ. P. 72(b)(2). The failure to file a timely objection to an R&R constitutes a waiver of

the right to further judicial review. <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140, 150 (1985) ("It does not

appear that Congress intended to require district court review of a magistrate's factual or legal

conclusions, under a <u>de novo</u> or any other standard, when neither party objects to those findings.");

<u>Smith v. Detroit Fed'n of Teachers</u>, 829 F.2d 1370, 1373-4 (6th Cir. 1987) (failure to file objection

to R&R "waived subsequent review of the matter"); <u>Cephas v. Nash</u>, 328 F.3d 98, 1078 (2d Cir.

1

2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); <u>Lardie v. Birkett</u>, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). There is some authority that a district court is required to review the R&R for clear error, <u>see</u> Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court has reviewed the R&R for clear error. On the face of the record, the Court finds no clear error and adopts the recommendation. Accordingly, the Court denies Plaintiff's motion for attorney fees under the EAJA (Dkt. 30).

In addition to seeking fees under the EAJA, Plaintiff has filed a petition for attorney fees pursuant to the Social Security Act ("SSA"), 42 U.S.C. § 406(b)(1) (Dkt. 35). "It is permissible to seek attorney's fees under both EAJA and the Social Security Act." <u>Lowery v. Comm'r of Soc. Sec.</u>, 940 F. Supp. 2d 689, 691 (S.D. Ohio 2013). An award under the EAJA is assessed against the Government, while fees under SSA come out of the claimant's disability benefits. <u>Id.</u> "Where awards are made under both EAJA and the Social Security Act, counsel must refund the lesser fee award to his or her client." <u>Id.</u> Because the Court has denied fees under the EAJA, the Court need only determine whether the amount of attorney fees sought under the SSA is reasonable.

After this Court remanded to the ALJ, Plaintiff was issued a favorable decision and awarded $51,584 in past-due benefits. Plaintiff's counsel now seeks 25% of that award, or $12,896. The SSA provides for attorney fee awards up to 25% where the attorney has successfully prosecuted a Social Security disability appeal. 42 U.S.C. § 406(b). "[T]he attorney must show, and the Court must affirmatively find, that a contingency fee sought, even one within the 25% cap,

is reasonable for the services rendered." Lowery, 940 F. Supp. 2d at 691. A 25% contingency fee agreement is presumptively reasonable, but can be rebutted by a showing that (i) the attorney acted improperly or was ineffective; (ii) awarding 25% would provide the attorney with a windfall due to an extraordinarily large disability benefit, or because the attorney expended minimal effort in obtaining the client's award. Id. at 692. A windfall cannot occur where the hourly rate resulting from the contingency fee is less than twice the standard rate for work in the relevant market. See Hayes v. Sec'y of Health & Human Servs., 923 F.2d 418, 422 (6th Cir. 1990).

The Commissioner does not object to the requested 25% fee, and the Court finds that it is reasonable. The hourly rate under the proposed fees comes out to $331.52 an hour, an amount that cannot be considered a windfall. See Lowery, 940 F. Supp. 2d at 692 (finding hourly rate of $406.45 reasonable, even though it may have been more than twice the standard rate). Further, there is no evidence that the attorney acted improperly or ineffective, or expended minimal effort in securing Plaintiff's award. To the contrary, the time log provided to the Court demonstrates that substantial effort was expended on Plaintiff's behalf. See Time Log, Ex. D to Pl. Pet. (Dkt. 35-4). As a result, the petition for attorney fees under the SSA is granted.

SO ORDERED.

Dated: May 10, 2018          s/Mark A. Goldsmith
    Detroit, Michigan          MARK A. GOLDSMITH
                                          United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 10, 2018.

                                       s/Karri Sandusky
                                       Case Manager